HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MANUEL LOZANO RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>UR MENDOZA JADDOU, Director, U.S. Citizenship and Immigration Services, et al.,<br><br>Defendants. | No. 2:22-cv-01090-RAJ<br><br><br><br>ORDER |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Rule 12(b)(1) motion to dismiss the complaint as moot. Dkt. # 6. Plaintiff did not oppose or respond to the motion. Neither party has requested oral argument and this motion may be decided without it. For the reasons below, the Court **GRANTS** the motion.

## II.   BACKGROUND

Plaintiff Manuel Lozano Rodriguez ("Plaintiff") filed the instant complaint in August 2022. Dkt. # 1. Plaintiff is a citizen of Mexico and has been a permanent resident

ORDER – 1

of the United States since April 2017. Dkt. # 1, ¶¶ 1, 2. At some point, Plaintiff filed a N-400 naturalization application with the United States Citizenship and Immigration Service ("USCIS"), and USCIS acknowledged receipt of the application on January 14, 2021. *Id.* at ¶¶ 4, 5. On May 24, 2022, Plaintiff appeared at the Seattle USCIS field office for an interview concerning his naturalization application. *Id.* at ¶ 6. However, a USCIS representative told Plaintiff that his file had been misplaced and that the agency would contact Plaintiff to reschedule his interview in 3 to 4 weeks. *Id.* at ¶¶ 7, 8. On June 28, 2022 Plaintiff communicated to USCIS, via counsel, that he would take legal action if an interview was not scheduled by July 15, 2022. Dkt. # 1-4. At the time of Plaintiff's filing, in August 2022, over 565 days had elapsed since he filed his naturalization application. Dkt. # 1, ¶ 12.

Plaintiff brought suit against USCIS under the Administrative Procedure Act (APA), 5 U.S.C. § 706; the Mandamus Act, 28 U.S.C. § 1361; the Immigration and Naturalization Act (INA), 8 U.S.C. § 1158(b)(3); the Declaratory Judgment Act, 28 U.S.C. § 2201; and the Fifth Amendment's due process and equal protection clauses. Plaintiff sought a declaration that Defendants' acts and omissions violated the INA, APA, and Fifth Amendment; a writ of mandamus requiring that USCIS adjudicate Plaintiff's N-400 application within 30 days; and a preliminary and permanent injunction requiring USCIS to adjudicate Plaintiff's N-400 application within 30 days. Dkt. # 1. On November 10, 2022, USCIS denied Plaintiff's N-400 application for naturalization in a written decision, and a copy of the decision was e-mailed to Plaintiff's counsel on that same date. Dkt. # 7, Ex. A (Copy of USCIS Decision). After a meet and confer with Plaintiff's counsel, Defendants moved to dismiss the pending action as moot. Dkt. ## 6, 7 at ¶ 5.

ORDER – 2

### III.  DISCUSSION

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id*. Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A challenge brought under Rule 12(b)(1) may be facial, where the inquiry concerns the allegations made in the complaint; or factual, where the court may look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *see also McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."). Consequently, the Court may consider USCIS's November 10, 2022 denial of Plaintiff's naturalization application.

To have standing to bring a claim in federal court, Plaintiff must show that he has "suffered an injury in fact, traceable to the challenged action, and likely to be redressed by a favorable decision." *Nome Eskimo Community v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995). If a "required prerequisite to the exercise of judicial power disappears while the litigation is pending," then, in the absence of an exception, "the judicial branch loses its power to render a decision on the merits of the claim." *Id*. "In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009)

ORDER – 3

(quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d 1118, 1123 (9th Cir. 1996)). Such is the case here.

In this case, Plaintiff sought an order to compel USCIS to adjudicate his naturalization application within 30 days. Dkt. # 1. On November 10, 2022, USCIS adjudicated Plaintiff's application. "The relief sought in Plaintiff's [complaint], namely an order to compel USCIS to adjudicate Plaintiff's application[], therefore, can no longer provide plaintiff with any benefit  because the application[] [has] been adjudicated by USCIS." *Kaddoura v. Gonzales*, Case No. C06-1402RSL, 2007 WL 1521218, at *2 (W.D. Wash. May 21, 2007) (dismissing request for injunction to compel USCIS to adjudicate applications for adjustment of status and employment authorization because USCIS already performed the requested actions).

Plaintiff's claim that USCIS's "acts and omissions"— misplacing Plaintiff's application and delaying his interview— violate the INA, APA, and Fifth Amendment likewise "no longer presents an opportunity for this court to grant meaningful relief." *Sandhu v. Napolitano*, Case No. C09-07774JLR, 2009 WL 10723368, at *3 (W.D. Wash. Nov. 27, 2009). Like the plaintiff in *Sandhu*, Plaintiff here "seeks relief only with respect to … applications that he has already filed and that have already been adjudicated by [USCIS]." *Id.* Similarly, Plaintiff's request for mandamus action is subject to mootness. *See Kaddoura*, 2007 WL 1521218, at *2 ("Here, the notices of decision from USCIS show that the plaintiff has been granted the relief requested in his petition for writ of mandamus. Accordingly, the issues presented to this Court are no longer 'live' and the Court dismisses plaintiff's petition for lack of subject matter jurisdiction.") (internal citation omitted).

//
//
//
//

ORDER – 4

## IV.  CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss for lack of subject matter jurisdiction. Dkt. # 6. Plaintiff's complaint is dismissed without prejudice.

DATED this 18th day of January, 2023.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5